Filed 3/5/24  P. v. Ariza CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098377 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE010270) |
| v. | |
| JOSE FILIBERTO ARIZA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jose Filiberto Ariza has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

1

## BACKGROUND

The amended information charged defendant and his codefendant, Luis Avina, with robbery (Pen. Code, § 211)[1] and unlawful driving of a vehicle (Veh. Code, § 10851).[2] The amended information alleged several aggravating circumstances under California Rules of Court, rule 4.421.[3]

The victim, K.L., parked her silver truck on a Sacramento street around 11:00 p.m. K.L. was waiting to meet someone from an online dating application who failed to show up.

K.L. got out of the truck to smoke and two men approached her. One of the men had a gun and demanded that K.L. give him her stuff. He said he had shot someone earlier. The second man reached up and grabbed K.L.'s designer black purse from her shoulder (which contained her keys) and took it. Then, the men ran away. K.L. tried to follow them but could not keep up.

When K.L. returned to where she parked her truck, she saw the truck driving away but could not identify who was driving. K.L. called 911 to report the crimes.

Officers responded to K.L.'s call at about 1:00 a.m. and took her report. Shortly thereafter, an officer told K.L. they might have found her truck and drove K.L. to the truck in West Sacramento.

West Sacramento Police Officer Mitchell Williams spotted the truck at about 1:55 a.m. parked in a cul-de-sac near a Motel 6 in West Sacramento. This was about five miles from where it was taken. Officer Williams watched codefendant Avina, and a woman, C.H., get out of the driver's side of the truck. When officers apprehended

---

[1] Undesignated statutory references are to the Penal Code.

[2] The original information also alleged defendant had a prior conviction under the Three Strikes Law that was later stricken on defendant's motion.

[3] Undesignated rule references are to the California Rules of Court.

codefendant Avina, he had a BB gun in his front waistband that looked like a real firearm.

Officer Williams also saw defendant walking between the truck and a car parked next to it and watched him get into the car. Officers located defendant and another man, A.B., in that second car and took them into custody.

K.L. testified she was able to identify codefendant Avina with 99 percent certainty as the man with the gun but said she did not recognize the second man, A.B., presented to her by the officers. K.L. identified defendant as the person she thought was the man who took her purse, however, her level of certainty in that identification was only 50 percent.

Officers returned a couple of duffel bags to K.L. that had been in the truck prior to the robbery. One of the bags had a cigarette roller, a grinder, and a hair straightener. K.L. never recovered her purse.

At trial, K.L.'s testimony as to whether defendant was the person who took her purse was confusing. She said her memory of what happened was better on the night of the incident than it was in court.

Sacramento Police Officer Summey responded to K.L.'s robbery report and took K.L. from the scene of the crime to the truck to perform the field show up. Officer Summey confirmed K.L. identified codefendant Avina as the person with a gun with 99 percent certainty and defendant as the other man with 50 percent certainty. Officer Summey also confirmed K.L. was not certain A.B. was the second suspect.

C.H. testified she was staying at the Motel 6 the night of the crime. Around 11:00 p.m., she saw a silver truck pull up in the parking lot across the street. Codefendant Avina got out of the truck, came up to her, and asked to use her phone. While she had never seen him before, she allowed him to use the phone. Shortly after that, defendant got out of the truck, walked up, and Avina handed him the phone. As a gift for her helping him, Avina gave C.H. a bag he took from the truck. That bag was one of the duffel bags officers returned to K.L.

3

C.H. testified she accompanied the men in the truck to a gas station and the three returned to the Motel 6 after 1:00 a.m. Avina and C.H. got out of the truck while defendant stayed inside. That is when she was arrested.

Surveillance footage from the Motel 6 parking lot placed Avina and another man in that parking lot shortly after 11:00 p.m. on the night of the incident.

In a recorded telephone call from the jail, defendant told an unidentified person that he had good news that the victim could not recognize him.

The jury convicted defendant on both counts.

The trial court found true the aggravating factors under rules 4.421(b)(2) (prior convictions are numerous or of increasing seriousness) and 4.421(b)(3) (defendant served a prior prison term).

The trial court sentenced defendant to the upper term of five years for robbery. It also imposed the middle term of two years for taking and driving the car but stayed that term under section 654. The trial court imposed a $1,000 restitution fine (§ 1202.4), an equal parole revocation fine (§ 1202.45), and the minimum mandatory fees and fines.

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we will affirm the judgment.

4

## DISPOSITION

The judgment is affirmed.

/s/
Ashworth, J.*

We concur:

/s/
Robie, Acting P. J.

/s/
Duarte, J.

---

* Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5